**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
Adolfo Vargas, *on behalf of himself and others similarly situated*,

                      *Plaintiff*,

    - against -

Gorillas Technologies US Inc.,

                      *Defendant*.
------------------------------------------------------------ x

**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Adolfo Vargas ("Plaintiff") individually and on behalf of all other similarly situated persons employed by Defendant Gorillas Technologies US Inc. ("Defendant"), as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendant misclassified its supervisors as exempt employees and illegally failed to pay them all of their earned wages. Plaintiff and a proposed class of others similarly situated are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he and a proposed class of others similarly situated employees entitled to recover from Defendant: (1) unpaid overtime compensation; (2) damages for failure to give required notices and wage statements; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and

(5) attorneys' fees and costs.

3. In addition to seeking recovery for the Plaintiff individually, this lawsuit also seeks to recover overtime compensation, spread-of-hours pay, uniform maintenance pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

6. At all relevant times, Plaintiff is an adult individual, over 18 years old, residing in Bronx County, and a citizen of New York.

7. Defendant Gorillas Technologies US Inc. is a Delaware company.

8. According to the New York Department of State Records entry for Defendant Gorillas Technologies US Inc., the company maintains a service of process address in the care of Cogency Global Inc. at 122 East 42nd Street, 18th Floor, New York, NY, 10168.

9. Gorillas is a multinational German-owned company that promises its groceries at retail prices with delivery within ten minutes that employs approximately 10,000 workers worldwide.

10. Upon information and belief, Gorillas' United States subsidiary company, Defendant Gorillas Technologies US Inc. maintains approximately 18 locations in New York

State, with each location employing approximately three supervisors.

11. The Defendant has had the power to determine employee policies for its employees, including, but not limited to, time-keeping, payroll, and uniform policies.

12. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendant is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

13. Upon information and belief, the below facts are consistent among Plaintiff and for all of Defendant's supervisor employees in its New York State locations.

14. Defendant misclassified Plaintiff and similarly situated employees as exempt employees and did not pay them their earned wages, including wages paid at the overtime rate, for all hours worked, despite the fact that they spent the majority of their shifts performing the non-exempt work of inventory associates.

15. The work performed by Plaintiff was essential to the business operated by Defendant.

16. Defendant knowingly and willfully failed to pay Plaintiff their lawfully earned wages in direct contravention of New York Labor Law's minimum wage requirements.

17. Defendant knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18. Defendant knowingly and willfully failed to provide required accurate wage notices and wage statements under the New York Wage Theft Prevention Act.

**STATEMENT OF FACTS**

19. Plaintiff was at all relevant times a covered employee within the meaning of the FLSA and NYLL.

20. Defendant's business owns and operates a grocery delivery service in New York State.

21. Plaintiff Scot Morse worked for Defendant from around November 2021 to February 2023 at a location on 2681 Broadway for the most part.

22. He began as an operations associate and was later promoted to Supervisor.

23. As a Supervisor he earned 59k per year, paid on a weekly basis.

24. Plaintiff worked for Defendant as a Supervisor at Gorillas locations in charge of teams of delivery riders who rode electric bicycles as well as inventory associates who processed and selected customer orders.

25. Defendant required all of its supervisors to pitch in to do the work of its non-exempt inventory associates to complete customer orders.

26. Due to Defendant's routine understaffing at its delivery locations and its policy of sending home non-exempt workers mid-workshift if it deemed a location was over-staffed compared to the volume of customer orders at each location, Plaintiff and similarly-situated supervisor employees spent over half of their time performing the manual, non-exempt tasks of its inventory associates as well as performing other non-exempt tasks.

27. Upon information and belief, Defendant applied a "UTR" formula, or utilization rate formula, to determine if it was over-staffed at a given location.

28. For example, if Defendant was receiving five customer orders per hour at a given location, but had six employees present at that location, its policy dictated that its managers and supervisors send home one or more of its hourly workers at that location.

29. Defendant also required its supervisors to perform non-exempt manual general cleaning tasks, such as cleaning the employee bathrooms, including cleaning the bathroom walls, wiping down rain gear used by its delivery riders, and sweeping and mopping its warehouse floors.

30. Defendant required its supervisors to document these non-exempt tasks and others using a "Zebra" task tracking device to log the completion of these tasks and, in some cases, to upload pictures proving that they had completed each task.

31. Defendant also had a policy of requiring its locations to receive and process orders up to the closing time of each location.

32. This conflicted with Defendant's intended policy of supervisors working less than 40 hours per week. Routinely, supervisors were required to work past the end of their scheduled shift, because they were required to continue working until the last customer orders of each shift were delivered and for the delivery riders on those last orders returned.

33. Supervisors were often called on to cover for employees who were arriving late or canceled last minute. Again, conflicting with the intended policy that supervisors would work a fixed set of hours.

34. Upon information and belief, as stated in supervisor job openings posted by Defendant, it expected its supervisors to work a minimum of 42.5 hours per week.

35. Defendant also had a policy of deducting a 30 minute meal period from the wages of its supervisors despite the fact that its supervisors were typically never able to take an uninterrupted 30 minute meal break, and often were not able to take any break at all.

36. Plaintiff and other similarly situated supervisor employees were required to constantly monitor and process incoming customer orders, even when they attempted to take meal breaks.

37. Upon information and belief, none of Defendant's supervisors have been paid in full for all of the hours they worked, nor have they been paid at the overtime rate of time and one half for hours worked in excess of 40 hours week week.

38. Because of Defendant's improper compensation policies, Plaintiff were deprived of pay, in direct violation of the FLSA and NYLL

39. This pattern of conduct was continuous throughout Plaintiff' employment.

40. Defendant's unlawful conduct has been widespread, repeated, and consistent.

41. Defendant implemented policies for all supervisor employees which are the same policies Plaintiff were subject to: requiring them to perform non-exempt tasks the majority of their workshifts; requiring them to remain at work until the last customer orders were delivered with the riders returning at the store; and deducting 30 min meal breaks from their supervisors' hours despite requiring them to work through their meal breaks.

42. By implementing the above policies affecting all of their supervisors and misclassifying their supervisors as exempt employees, paying them solely on a fixed salary basis, Defendant knowingly and willfully operated their business with a policy of not paying their supervisors for every hour worked in an amount sufficient to compensate Plaintiff and other similarly situated employees for all amounts due under the New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43. Defendant did not furnish Plaintiff and other similarly situated employees with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

44. Plaintiff and similarly situated employees reserve the right to amend this complaint

once the wage and hour records that are required to be kept under the FLSA and NYLL and information regarding Defendants' corporate and franchise ownership structure is produced by Defendants during discovery.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action individually and as class representatives on behalf of the "Proposed FLSA Collective" defined as:

> all current and former employees of Defendant employed as supervisors in New York State for the three-year period prior to the filing of the complaint.

46. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than sixty (60) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

47. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff have no interests that are contrary to or in conflict with those members of this collective action.

48. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with

respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

50. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA; and,

   e. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

    f.  Whether Plaintiff and the Collective Action Members performed non-exempt tasks; and

    g.  Whether the Defendant failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

51. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

52. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## CLASS ACTION ALLEGATIONS

53. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

54. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former employees of Defendant employed as supervisors in New York State for the six-year period prior to the filing of the complaint.

55. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

56. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

58. Plaintiff have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

59. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

60. Plaintiff understands that, as class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as he would represent and consider his own interests, and that they may not favor their own interests over those of the Class Members.

61. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understand that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

62. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff' claims are typical of the Proposed Class.

63. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   a. Whether the Defendant employed Plaintiff and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether Plaintiff and the Class members performed non-exempt tasks;

   e. Whether the Defendant failed to pay Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

   f. Whether Defendant's violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

   g. Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

### STATEMENT OF CLAIM

**COUNT I: FLSA – Overtime**
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

64. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

65. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

66. At all relevant times, upon information and belief, Defendant was and continues to

be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67. At all relevant times, Defendant employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

68. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

69. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendant failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

70. At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay minimum wage to its supervisors for all hours worked.

71. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

72. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due

and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

73. Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

74. Defendant failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

75. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

76. Due to the reckless, willful and unlawful acts of Defendant, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

77. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime Pay**
*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

78. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

79. Defendant employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

80. Defendant knowingly and willfully violated the rights of Plaintiff and the Rule 23

Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

81. Defendant failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

82. Defendant failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

83. Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

84. Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

85. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

86. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of

this action, pursuant to New York Labor Law §§ 663(1), 198.

87. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

88. Plaintiff reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

89. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

91. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23

Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

93. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

94. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## COUNT IV

**Retaliation in Violation of the New York Labor Law § 215**

95. Plaintiff realleges and re-avers each and every allegation and statement contained

in the above paragraphs of the Complaint as if fully set forth herein.

96. Upon promotion to Supervisor, the demand for Plaintiff's time and attention at work escalated significantly, often depriving him of lawful right to meal breaks as stipulated under the law.

97. On January 8, 2023, a message concerning meal breaks was circulated within the company. The message, however, did not result in any substantial change concerning the provision of meal breaks.

98. Subsequent to this, Plaintiff discovered the Francis Coleman et al. class action lawsuit online, which addresses the issue of denied meal breaks. Inspired to seek justice, he began discussing the possibility of contacting the Department of Labor and consulting with attorneys among my colleagues.

99. He also made complaints to management again about lunch breaks, and said that he would begin to leave his shift early and otherwise skip his duties in order to get his lunchtime.

100. In retaliation to his efforts to assert workplace rights, he was unjustly accused of "stealing company time" and terminated on the pretext of leaving early on two different occasions. In fact he had obtained necessary permissions for early departure on both instances.

101. As a direct and proximate result of Defendant's unlawful retaliation in violation of NYLL § 215 (1)(a) and NYLL § 215(2)(a), Plaintiff has suffered and continues to suffer mental anguish, emotional distress, loss of enjoyment of life, damages to her reputation, loss of job security, loss of employment, and loss of wages, incurring damages thereby.

102. Defendant's unlawful and retaliatory actions constitute malicious, willful, and wanton violations of the, for which Plaintiff is entitled to an award of liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendant's failure to pay minimum wage compensation and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

viii. An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL;

ix. An award of prejudgment and post-judgment interest;

x.   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

xi.  Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       September 24, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810,
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*