**Law Office of Mohammed Gangat**  
675 3rd Ave, Ste 1810, NY, NY 10017  
(718) 669-0714  mgangat@gangatpllc.com

April 8, 2024

<u>via ECF</u>  
Hon. Judge Analisa Torres  
United States District Court  
Southern District of New York  
500 Pearl Street,  
New York, NY 10007

          RE:   *Adolfo Vargas v. Gorillas Technologies US Inc.*,  
                <u>No. 1:23-cv-08622-AT</u>

To the Honorable Judge Torres:

      I represent plaintiff Adolfo Vargas ("Plaintiff") in the above action. I am seeking your Honor's approval of the settlement of this action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The defendant in this action, Gorillas Technologies US Inc. does not have an attorney. However, I spoke to one of its representatives and they expressed a desire to settle the case. We reached a settlement and are seeking Court approval.

      This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the Defendant's alleged violations of these wage-and-hour laws, including failure to pay overtime. Defendant denies the allegations in Plaintiff's complaint and otherwise denies all of the grounds for requested relief. The parties have a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. A copy of the Agreement is attached hereto as Exhibit A.

      As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Second Circuit requires the Court to review and scrutinize settlement agreements to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement. It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206.

      Here, none of the red flags are present. There is no confidentiality clause in the Agreement. As for the release, it is limited to claims "arising under any wage and hour law or discrimination law or other law governing the employer-employee relationship and the obligation of the employer to pay employees properly." (Ex. A, p.2) The attorney's fees are the usual and customary 33.33% of the net settlement amount after expenses are deducted from the gross settlement. Thus, none of the red flags from *Cheeks* are present here.

Hon. Analisa Torres
April 8, 2024
Page 2 of 3

  Plaintiff now turns to a discussion of the *Wolinsky* factors which are used to resolve "[t]he ultimate question" of "whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky*, 900 F.Supp.2d at 335.

### I. Analysis of the *Wolinsky* Factors

  The first factor is "the plaintiff's range of possible recovery." *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted). Here, Plaintiff claims he was misclassified as overtime exempt, required to work in excess of 40 hours per week, and owed unpaid overtime for all hours in excess of 40. The relevant period of employment is from May 29, 2022 until February 9, 2023 or about 36 weeks. Plaintiff claims that he worked an additional 2.5 hours each week, because he was required to work a regular schedule of 42.5 hours per week, with 2.5 hours break break time, but due to understaffing and other issues, Plaintiff was not able to take his breaks.

  Plaintiff calculates his damages by first deriving his regular hourly rate and overtime rate. His regular hourly rate is calculated by taking his annual salary and dividing if first by the number of weeks each year, and then further by 40 hours a week, yielding a regular hourly rate of $28.37. The overtime rate is 1.5 times the regular, or $42.50. The total overtime hours claimed at 2.5 hours per week times 36 weeks, which comes out to 90 hours. The total unpaid overtime then is $42.50 times 90 hours = $3,825.00.

  Under the settlement agreement Plaintiff will recover $5,717 after attorneys fees and expenses. This recovery is in excess of the calculated unpaid wages and represents a significant recovery given that it was possible at trial Defendants would have prevailed on the fact issue of whether or not Plaintiff worked overtime, or was required to work overtime.

  The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d at 335 (quotations & citations omitted). This is a significant factor for settling. Plaintiff originally worked for a company that was then brought out by another company. By settling now, Plaintiff was guaranteed recovery against the risk of an uncertain litigation.

  As to the third factor, which is "the seriousness of the litigation risks faced by the parties," *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted), Plaintiff decided to enter into this settlement after a thorough consideration of the potential damages and whether it was worth the time and risk given that Plaintiff was enjoying such a significant recovery through settlement.

  The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," *Wolinsky*, 900 F.Supp.2d at 335(quotations & citations omitted). This agreement is fully the product of arm's length bargaining between experienced counsel.

Hon. Analisa Torres
April 8, 2024
Page 3 of 3

### II. Reasonable Attorney's Fee

The attorney's fee is also reasonable. Employees who are defrauded of wages typically cannot afford reasonable hourly rates, and many sole practitioners are unwilling to risk their time and efforts to vindicate the rights of disenfranchised employees. The Plaintiffs in this matter could not afford to pay usual and customary hourly fees to litigate this matter on his behalf. Due to these circumstances, Plaintiff's counsel represented Plaintiffs on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

Here, the total settlement amount is $9,076.00. Of that amount $500.00 is going to expenses (consisting of $402.00 in court filing fee and $98.00 in process server fees). Of the remaining, $8,576.00, 66.66 percent is going to the Plaintiff, and 33.33 percent (or $2,858.66) to Plaintiff's counsel as an attorney fee. This is a reasonable attorneys' fee give that 33.33 percent after expenses is what is commonly awarded.

It is also reasonable in light of the lodestar. Here, I spent at least 8.8 hours as the plaintiff's attorney prosecuting this case. Records reflecting the work I performed and time spent on each task are attached hereto as Exhibit B. I am a 2009 graduate of Georgetown Law School and have been continuously licensed to practice law in New York since 2012. For the past 10 years, I have litigated in state and federal courts, with a focus on plaintiff-side employment lawsuits. I submit that an hourly rate of $500 is reasonable for me, and the 8.8 hours I worked on this case can be valued conservatively at $4,400 (8.8 hours x $500 per hour). This $4,400.00 figure compared to the $2,858,66 attorneys' fee under the agreement, confirms that the attorneys' fee here is reasonable.

In view of the foregoing, the Parties jointly and respectfully request that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

The amount is reasonable given the practical factors of litigation risk, time and expense. In reaching the figure, the parties and their attorneys had multiple conversations and attended a court-ordered mediation resulting in the parties reaching a compromise. The settlement amount constitutes a substantial recovery of the plaintiff's FLSA damages, including his liquidated damages, without the need for the case to be tried to a verdict.

In all, the Agreement is in line with the mandate from *Cheeks* and satisfies the *Wolinsky* factors. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and ordering the Clerk of the Court to close this case. We thank the Court for its time and attention to this matter.

Respectfully Submitted,
Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.