```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  07/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Adolfo Vargas,

                Plaintiff,

-against-

Gorillas Technologies US Inc.,

                Defendant.

23 Civ. 8622 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Adolfo Vargas, brings this action against Defendant, Gorillas Technologies US Inc., alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (the "NYLL") § 190 *et seq.*, for failure to pay overtime wages, failure to provide wage statements and notices, and retaliation. *See* ECF No. 1 ¶¶ 1–3. Having reached a settlement (the "Settlement"), ECF No. 14-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 14. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.    Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including

2

"contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

   A. *Wolinsky* Factors

The Settlement provides Plaintiff with a recovery of $9,076, inclusive of attorney's fees and costs. Settlement ¶ 5; *see* Letter at 3.

However, the Court cannot evaluate whether the proposed settlement amount is reasonable. First, Plaintiff states that he worked an additional 2.5 hours per week from May 29, 2022, until February 9, 2023. Letter at 2. He asserts, therefore, that he is owed $3,825 in unpaid overtime, representing a $42.50 hourly wage multiplied by 90 hours of work. Letter at 2. But, this is not enough for the Court to determine Plaintiff's range of possible recovery because Plaintiff provides no supporting declarations or exhibits substantiating the accuracy of his calculations. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (listing information that would enable the court to adequately review the proposed settlement). Nor does Plaintiff provide an estimate of his best-case recovery, including all statutory and liquidated damages.

Evidence of the other *Wolinsky* factors is also lacking. And, Plaintiff states both that Defendant "does not have an attorney" and that the agreement is "fully the product of arm's

3

length bargaining between experienced counsel." *Id.* at 1–2.  These statements are contradictory.  The Court, therefore, cannot find that the *Wolinsky* factors are met.[1]

       B.  Liability Release

The Settlement contains a liability release, Settlement ¶ 4, which the Court finds staggeringly overbroad.  First, the Settlement releases from liability numerous entities beyond Defendant, including:

> its parents, affiliates, subsidiaries, divisions, entities through common entity or ownership and past and present directors, officers, employees, agents, insurers, successors, and assigns, both individually and in their official capacities.

*Id.*; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022) (denying settlement approval because the release "released from liability an impermissibly large number of entities beyond [d]efendants").

Second, the release clause covers "any and all claims . . . arising under any wage and hour law or discrimination law and any other law governing the employer-employee relationship."  Settlement ¶ 4.  The Settlement contains a lengthy—but non-exhaustive—list of the laws implicated, including:

> The National Labor Relations Act; The Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of [the] United States Code; The Employee Retirement Income Security Act of 1974; The Immigration Reform Control Act; The Americans with Disabilities Act of 1990; . . . The New York Human Rights Law, The New York City Human Rights Law; . . . [a]ny other federal, state or local civil or human rights law or any other alleged violation of any local state or federal law, regulation or ordinance; [a]ny public policy, contract, tort, or common law; or [a]ny allegation for damages of any kind concerning mistreatment in the workplace . . . .

---

[1] The Court further notes that the Settlement incorrectly references a lawsuit in a different court between Defendant and an unrelated party.  Settlement ¶ C ("Claimant had instituted a lawsuit captioned *Morse, et al. v. Gorillas US Inc.*, in the U.S. District Court for the Eastern District of New York.").

*Id*.  "[W]hen combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any [] claims that [P]laintiff had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant."  *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted).

"Courts in this [d]istrict routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Lopez*, 96 F. Supp. 3d at 181).  "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014).  Accordingly, the Court shall not approve a settlement that releases claims beyond the wage-and-hour claims asserted in the instant action.

    C.  Confidentiality and Non-Disparagement Provisions

The Settlement is problematic in additional ways.  First, the Settlement is titled "Confidential Settlement Agreement and General Release" and contains a sweeping confidentiality provision.[2]  Settlement ¶ 8.  Under that provision, Plaintiff "agrees not to publicly disclose, either directly or indirectly, any information whatsoever regarding the existence or substance" of the Settlement, including to "present or former employees" of Defendant and "other members of the public."  *Id.*  "[C]ourts in this Circuit have routinely found confidentiality

---

[2] In the letter, Plaintiff's counsel incorrectly asserts that "[t]here is no confidentiality clause in the Agreement," which he agrees would be a "red flag[]."  Letter at 1.

5

provisions in FLSA settlements against public policy." *Martinez*, 2016 WL 206474, at *1. The Court shall not approve an agreement requiring such confidentiality.

Second, the Settlement includes a broad non-disparagement clause prohibiting Plaintiff from making "any statement about the Release Parties that is disparaging in any way." Settlement ¶ 9. Courts have found that if a non-disparagement clause "would bar [Plaintiff] from making 'any negative statement' about [Defendant], it must include a carve-out for truthful statements about [Plaintiff's] experience litigating [his] case. Otherwise, such a provision contravenes the remedial purposes of the statute." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (quoting *Lopez*, 96 F. Supp. 3d at 180 n.65); *see also Camacho*, 2015 WL 129723, at *2 ("Barring the [P]laintiff from speaking about the settlement would . . . thwart Congress's intent to ensure widespread compliance with the statute by silencing the employee who has vindicated a disputed FLSA right." (cleaned up)). Because the non-disparagement clause includes no such carve-out, the Court cannot approve it.

D. Attorney's Fees and Costs

Turning to attorney's fees and costs, Plaintiff's counsel seeks attorney's fees equal to $2,858.66, which is one-third of the settlement proceeds after reimbursement of $500 in costs. *See* Letter at 3; Settlement ¶ 5(c).[3] The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this Circuit. *See Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees,

---

[3] The Court notes that the Settlement allocates "Three Thousand Five Hundred and Twenty Five Dollars ($3,358.66)" to Plaintiff's counsel, but the text and parenthetical amounts are inconsistent. Settlement ¶ 5(c).

6

however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel, Mohammad Gangat, has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 14-2. Plaintiff's counsel has billed at an hourly rate of $500. Letter at 3. Although on the high end, other courts have found similar rates to be reasonable. *See Siegel v. Bloomberg L.P.*, No. 13 Civ. 1351, 2016 WL 1211849, at *6 (S.D.N.Y. Mar. 22, 2016) (collecting cases). Based on these records, the lodestar in connection with this matter amounts to $4,400, reflecting a total of 8.8 hours expended. ECF No. 14-2.

The attorney's fees requested, $2,858.66, amount to a negative multiple of approximately 0.65 of the proffered lodestar. In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount. Courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, 10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee."). Therefore, given that the attorney's fees represent one third of the total recovery amount and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $500, which covers the filing fee and service of process associated with this case. Settlement ¶ 5(c). The Court finds that the requested costs are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **August 13, 2024**, the parties may file a revised letter and settlement agreement in accordance with this order.

SO ORDERED.

Dated: July 12, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge